# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD BELL et al,<br><br>　　　　Appellants,<br><br>v.<br><br>RECONTRUST COMPANY, N.A., et al.<br><br>　　　　Appellees. | Case No. 12-16907<br><br>District Court No.<br>3:10-cv-00444-RCJ-WGC District of Nevada, Reno |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

**REPLY BRIEF OF APPELLANTS**

　　　　　　　　　　　　　　　　Treva J. Hearne
　　　　　　　　　　　　　　　　450 Marsh Ave.
　　　　　　　　　　　　　　　　Reno, NV 89509
　　　　　　　　　　　　　　　　Tel: (775) 329-5800
　　　　　　　　　　　　　　　　Fax: (775) 329-5819

# Table of Contents

The Plaintiffs made sufficient allegations of a promise……………………….    4

The Statute of Frauds is not violated when the terms of the contract are not rewritten……………………………..  ……………………………………………………….    9

Conclusion………………………………………………………………………………….    11

Statement of Related Cases……………………………………………………………….    11

Certificate of Compliance………………………………………………………………….    11

# Table of Cases

*Akar v. Federal Nat. Mortg. Ass'n,* 845 F.Supp.2d 381 (2012)........... ..5, 10

*Clark County Sports Ent., Inc. v. City of Las Vegas,* 96 Nev. 167, 172, 606 P.2d 171 (1980)................................................................................. ...10

*In re Desert Enterprises,* 87 B.R. 631 (1988).......................................... 10

*Joseph F. Sanson Inv. Co. v. Cleland,* 97 Nev. 141, 142, 625 P.2d 566 (1981) ............................................................................................................. 10

*Mendez v. Bank of America Home Loans Servicing, LP,* 840 F. Supp.2d 639 (U.S.D.C. E.D. N. Y. 2012) .............................................................. 8

*Nevada v. Bank of America Corp,* 672 F.3d 661, 665, 666 (9th Cir. 2012) ............................................................................................................... 8

*Siegel v. Knott,* 316 Mass. 526, 528–29, 55 N.E.2d 889, 890–91 (1944) ............................................................................................................... 9

*Silver Dollar Club v. The Cosgriff Neon Co.,* 80 Nev. 108, 110, 389 P.2d 923 (1964)...................................................................................................... 10

*Zunino v. Parmore,* 83 Nev. 506, 435 P.2d 196 (1967)............................ 10

I. **<u>The Plaintiffs made sufficient allegations of a promise.</u>**

The Plaintiffs have argued and pled sufficient allegations of a promise made by the Defendant to overcome a motion to dismiss for a claim of promissory estoppel. The opposition of the Defendant rests on two issues whether the Plaintiff stated a sufficient promise and whether the statute of frauds was violated.

Both of these issues have been reviewed by courts in other parts of the country with similar laws regarding promissory estoppels and statute of frauds and the Plaintiffs' claims were not dismissed. In Massachesetts, a state which also has a statutory non judicial foreclosure scheme similar to Nevada, found:

> They (the Plaintiffs) also allege that in response to these calls, Wells Fargo representatives repeatedly assured Akar's counsel that the foreclosure sale would be postponed if the defendant had not acted upon the pending application. (*Id*.). As of January 23, 2009, Akar's application for a loan modification remained under consideration by Wells Fargo. (*See* Compl. ¶ 57). However, on February 5, 2009, Akar's counsel allegedly contacted Wells Fargo, and was informed that the file had been closed because Akar had failed to respond to

4

Wells Fargo's attempts to contact her. (*Id.* ¶ 82). The plaintiffs contend that Wells Fargo had made no effort to contact Akar's attorney even though all communications between the parties had occurred through plaintiff's counsel. (*Id.*). They further claim that Akar resubmitted her application for a loan modification on February 5, 2009, and was assured by Wells Fargo's representatives that it would be treated as a priority due to the impending foreclosure sale. (*Id.* ¶ 83). Moreover, according to the plaintiffs, the defendant's representatives continued to assure Akar that the foreclosure sale would be postponed if no decision had been made on her modification request  at page 390, 391

Despite Wells Fargo's alleged representations, a foreclosure sale of the Property took place on February 10, 2009, pursuant to the statutory power of sale, even though Akar's application for a loan modification remained pending.

*Akar v. Federal Nat. Mortg. Ass'n,* 845 F.Supp.2d 381 (2012)

What the Massachusetts court recognized is that the Plaintiffs' allegations in the Complaint wherein they state that they relied upon representations by bank representatives that foreclosure would not proceed, that

modifications would be reviewed and that the Plaintiffs' reliance upon these representations was reasonable, states a claim for promissory estoppel. The District Court, herein, dismissed this case before the Plaintiffs could prove their allegations, i.e., that a promise that the loan was appropriate, that modification would be considered and all the other allegations of the Complaint as stated in the opening brief constituted  promises upon which the Plaintiffs had a right to rely and, if proven, state a claim for promissory estoppel.

    The State of Nevada Attorney General has made similar allegations in recent pleadings that state the pattern of misconduct in which Bank of America has engaged which parallels the allegations by the Plaintiffs in their complaint, in that Bank of America engaged in practices that:

> a. Mislead consumers with false promises that it will act on their modifications within a set period of time, but keeps them waiting for months, and sometimes more than a year, beyond the promised term;
>
> b. Mislead consumers with assurances that they will not be foreclosed upon while the Bank considered their requests for modifications. However Bank of America has sold the homes of

some Nevada consumers and sent foreclosure notices to many more while their requests for modifications were still pending;

c. Misrepresent to consumers that they must be delinquent on their loans in order to qualify for assistance, even though neither Bank of America's proprietary programs nor the federal HAMP[1] program requires that homeowners have missed payments;

d. Mislead consumers with false promises that their initial, trial modifications would be made permanent if and when they made the required three payments on those plans, but then failed to convert those modifications;

e. Tell consumers their modifications were denied for reasons that were untrue, such as that: (i) the owner of the loan refused to allow the modification when Bank of America had full authority to modify the loan without the investor's approval; (ii) the Bank had tried unsuccessfully to reach the consumer, even though the consumer repeatedly called the Bank; (iii) the loan was previously modified when it was not; (iv) the borrower failed to make trial payments, when they made all payments;

and (v) the borrower was current on his or her loan, when delinquency is not a condition of a modification;

f. Falsely notify consumers or credit reporting agencies that consumers are in default when they are not;

g. Mislead consumers with offers of modification on one set of terms, and then provide agreements with materially different terms, or inform consumers that their modifications had been approved, but then tell them that their requests were denied, often months before.

*Nevada v. Bank of America Corp,* 672 F.3d 661, 665, 666 (9th Cir. 2012)

Also, see *Mendez v. Bank of America Home Loans Servicing, LP,* 840 F. Supp.2d 639 (U.S.D.C. E.D. N. Y. 2012) wherein a promissory estoppel claim was not dismissed because Plaintiff sufficiently pled that he satisfied the condition precedent of a promissory estoppel claim because he submitted all of his financial information as requested by the servicer bank for review in order to determine if a modification was appropriate. During this time, the servicer had promised not to foreclose on the property. See, pages 654, 655. Once the Plaintiff provided his confidential, financial information, the servicer bank has the obligation of reviewing the

8

information in order to determine if a modification is appropriate. These Plaintiffs, herein, did not get a fair review nor were they ever given reasons for the failure of Bank of America to review the financial information in order to determine if a modification was appropriate as argued in the opening brief.

## II.    **The Statute of Frauds is not violated when the terms of the contract are not rewritten.**

The Massachusetts Court also spoke to the oral modification to forebear foreclosure which only speaks to the timing of the terms and not a violation of the Statute of Frauds because it is not a rewriting of the terms of the contract.

> . . .the alleged agreement to postpone the foreclosure sale while Akar's loan modification application remained pending sought only to alter the timing in which Wells Fargo could exercise its rights under the mortgage contract, but did not alter the mortgagee's "right, title and interest" in the mortgage. *See Siegel v. Knott,* 316 Mass. 526, 528–29, 55 N.E.2d 889, 890–91 (1944) (where "[t]he oral agreement merely changed the method by which the plaintiffs had undertaken to pay their mortgage indebtedness[,]" but did not affect the mortgagee's

"right, title and interest" in the mortgage, the agreement was not unenforceable under the Statute of Frauds). Therefore, Wells Fargo has not shown that the agreement was unenforceable on account of the Statute of Frauds. At page 397 *Akar v. Federal Nat. Mortg. Ass'n,* 845 F.Supp.2d 381 (2012)

The Nevada Supreme Court has found that oral modifications of written contracts can be enforced by estoppel (*Zunino v. Parmore,* 83 Nev. 506, 435 P.2d 196 (1967), and *In re Desert Enterprises, 87 B.R. 631 (1988),* in a decision by the same Judge that ruled in this matter (Under Nevada law, a written contract may be orally modified by the parties. *Joseph F. Sanson Inv. Co. v. Cleland,* 97 Nev. 141, 142, 625 P.2d 566 (1981); *Clark County Sports Ent., Inc. v. City of Las Vegas,* 96 Nev. 167, 172, 606 P.2d 171 (1980); *Silver Dollar Club v. The Cosgriff Neon Co.,* 80 Nev. 108, 110, 389 P.2d 923 (1964). Although evidence of a modification must be clear and convincing, "consent to a modification may be implied from conduct consistent with an asserted modification." *Clark County Sports Ent., Inc.,* 96 Nev. at 172, 606 P.2d 171.)

//

//

## III. <u>Conclusion.</u>

As argued by the Plaintiffs, the promise made was sufficient and the allegations are disputes of fact that survive a motion to dismiss. The District Court should be reversed and the Motion to Dismiss denied.

## IV. Statement of Related Cases

Plaintiff/Appellant is not aware of any related cases pending in this Court, as defined in Ninth Circuit Rule 28-2.6.

## V. Certificate of Compliance

I certify that pursuant to Fed. R. App. P 32(a)(7)( C) and the Ninth Circuit Rules 32-1, the attached reply brief is proportionately spaced with a typeface of 14 points, in Georgia font, generated in the Microsoft Word processing software, and contains approximately 12 pages, containing 1,768 words.

DATED this 5th day of March, 2013.

                                             **/s/ TREVA J. HEARNE**
                                        TREVA J. HEARNE, ESQ. #4450
                                        450 Marsh Ave.
                                        Reno, NV 89509
                                        Tel: (775) 328-5800

## CERTIFICATE OF SERVICE

I, hereby, certify that on today's date the foregoing Notice was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

DATED this 6th day of March, 2013.

             */s/ Treva J. Hearne*
             TREVA J. HEARNE